UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE FORD, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent ) | CAUSE NO. 3:10-CV-530 RM |

## OPINION AND ORDER

Terrance Ford, a *pro se* prisoner, is serving an 85-year sentence for robbery and murder. State v. Ford, 71D02-0308-MR-18. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) The respondent argues that the petition is untimely or, alternatively, that the claims are procedurally defaulted and can't be decided on the merits. (DE 11.)

### I. FACTS

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). Mr. Ford has burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals summarized the facts underlying Mr. Ford's offenses as follows:

> At approximately 3:30 a.m., on July 27, 2003, Frank Stokes and Ford decided to rob four men who were standing near their car after leaving a bar in South Bend. Ford, holding a handgun, approached the men and told them to give him "what the f*** you all got. . . ." Tr. p. 340. One of the men threw a beer bottle at Ford, which hit him in the head. While Ford was distracted, three of them ran away. Durraron Harris did not run. Harris removed a necklace he was wearing and threw it toward Ford. Ford, standing less than two feet from Harris, shot him in the face. Harris died at the scene.

Ford v. State, No. 71A05-0408-CR-435 (Ind. Ct. App. Dec. 9, 2004), slip op. at 2. Following a jury trial, Mr. Ford was convicted of murder and robbery. Id. The court sentenced him to an aggregate term of 85 years in prison. (DE 10-1 at 4.)

Mr. Ford appealed, raising two claims: (1) the trial court erred in rejecting his proposed jury instructions on lesser included offenses; and (2) the evidence was insufficient to support his convictions. (DE 10-3 at 5.) On December 9, 2004, the Indiana Court of Appeals affirmed Mr. Ford's conviction. Ford v. State, No. 71A05-0408-CR-435, slip op. at 3-11. On January 4, 2005, Mr. Ford filed a petition for rehearing (DE 10-2 at 3.) which was denied on March 11, 2005. (Id.) Mr. Ford didn't file a petition to transfer within 30 days, *see* IND. APP. R. 57(C), but on January 24, 2006, he sought leave to file a belated petition. (Id.) On February 21, 2006, the Indiana Supreme Court denied this request. (Id.)

Meanwhile, on December 19, 2005, Mr. Ford filed a petition for post-conviction relief. (DE 10-1 at 4.) After an evidentiary hearing, the trial court denied the petition. (Id. at 7.) Mr. Ford filed an appeal, but on October 25, 2010, the Indiana Court of Appeals dismissed his appeal with prejudice under IND. APP. R. 10(F) and 10(G) because he didn't complete the appellate record.[1] (DE 10-6 at 4.) Mr. Ford did not seek review in the Indiana Supreme Court. (Id.; DE 1 at 2.)

---

[1] These rules provide that when the trial court clerk doesn't transmit the record within a specified period, the appellant must seek an order from the Court of Appeals requiring the record to be filed. IND. APP. R. 10(F), (G). The rules caution that an appeal is subject to dismissal for failure to complete the record. IND. APP. R. 10(F), (G).

2

On December 16, 2010, Mr. Ford tendered his federal petition for mailing. (DE 1 at 5.) His petition raises five claims: (1) the trial court erred in connection with the post-conviction proceedings; (2) his appellate counsel was ineffective; (3) the prosecutor committed misconduct during closing arguments; (4) the jury was improperly subjected to "outside communications"; and (5) trial counsel was ineffective in failing to object to certain witnesses and arguments presented by the state at trial. (DE 1 at 7.)

II. ANALYSIS

As an initial matter, the respondent has filed motions seeking to file the return three days late, and for relief from the order requiring him to produce the entire trial record, given that he is arguing that the petition must be denied on procedural grounds. (DE 9, 12.) In the interest of justice, the court will grant both of these requests.

Turning to the merits, the respondent first argues that the petition is untimely. (DE 11 at 3-6.) The court disagrees. The provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern Mr. Ford's petition. *See* Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, stated as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mr. Ford's claims don't implicate newly discovered evidence or a newly recognized constitutional right, and he doesn't claim that a state-created impediment prevented him from filing his federal petition on time. (*See* DE 1 at 5.) Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. As stated above, the Indiana Court of Appeals affirmed Mr. Ford's conviction on December 9, 2004. Ford v. State, No. 71A05-0408-CR-435, slip op. at 1. He sought rehearing, which was denied on March 11, 2005. (DE 10-2 at 3.) He did not file a timely petition to transfer in the Indiana Supreme Court, which was due within 30 days of the appellate court's judgment, *see* IND. R. APP. P. 57(C), and his later attempts to file a belated petition were unsuccessful. (DE 10-2 at 3.)

When a petitioner doesn't complete the state appellate process, his conviction becomes final when the time for seeking further review expires. Farmer v. Litscher, 303

F.3d 840, 845-846 (7th Cir. 2002); *see also* Riddle v. Kemna, 523 F.3d 850, 853-855 (8th Cir. 2008) (en banc). Thus, Mr. Ford's conviction became final when the time for seeking review in the Indiana Supreme Court expired on April 11, 2005. *See* IND. APP. R. 57(C)(2). At that point the one-year clock began running, and it ran for 252 days until Mr. Ford started state post-conviction relief on December 19, 2005. Under 28 U.S.C. § 2244(d)(2), the deadline was tolled and remained tolled until the post-conviction proceedings came to a conclusion on October 25, 2010. At that point Mr. Ford had 113 days remaining on the one-year clock. He filed this petition 52 days later, on December 16, 2010, which was within the one-year deadline. Accordingly, the petition is timely.[2]

The respondent next argues that all of Mr. Ford's claims are procedurally defaulted. (DE 11 at 6-8.) On this point, the court agrees. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. Baldwin v. Reese, 541 U.S. 27, 30-31 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This includes seeking

---

[2] Although it isn't clear, it appears that the respondent might not have accounted for the time Mr. Ford's petition for rehearing was pending. (*See* DE 11 at 4-5.)

5

discretionary review in the state's court of last resort. O'Sullivan v. Boerckel, 526 U.S. at 848.

The companion procedural default doctrine, also rooted in concerns about the relationship between state and federal court systems, says a federal court can't reach the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim wasn't presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. Coleman v. Thompson, 501 U.S. 722, 735 (1991); Perruquet v. Briley, 390 F.3d at 514. When a habeas petitioner doesn't fairly present his claim to the state courts and the chance to raise that claim has passed, the claim is procedurally defaulted. O'Sullivan v Boerckel, 526 U.S. at 853-854.

A habeas petitioner can overcome a procedural default by showing both cause for not abiding by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492 (1986). A habeas petitioner also can overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006).

Mr. Ford asserted his ineffective assistance of counsel and other claims in the post-conviction proceedings. The Indiana Court of Appeals dismissed his appeal with prejudice

for failure to comply with state procedural rules. (DE 10-6 at 4.) This dismissal on state procedural grounds precludes federal review. Coleman v. Thompson, 501 U.S. at 735. Mr. Ford didn't seek any form of review in the Indiana Supreme Court in the post-conviction proceedings, which constitutes a second level of procedural default. *See* Hough v. Anderson, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims). Mr. Ford didn't properly exhaust his claims in one complete round of state review, so the claims are procedurally defaulted.

In his traverse, Mr. Ford doesn't offer any direct response to the state's procedural default argument. (*See* DE 13, 14.) Although it is not clear, his filings could be read to argue that his counsel's failure to file a timely petition to transfer on direct appeal constitutes cause to excuse his procedural default. (*See* DE 13 at 1-2; DE 14 at 4.) This argument doesn't help Mr. Ford because the claims in his federal petition weren't raised on direct appeal; the procedural default at issue occurred in the post-conviction proceedings. He hasn't offered any basis to excuse his not perfecting an appeal to the Indiana Court of Appeals or his not pursuing relief in the Indiana Supreme Court on post-conviction review. (*See* DE 13, 14.) Accordingly, the court can't reach Mr. Ford's claims on the merits, and the petition must be denied.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Mr. Ford a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a

7

constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As is fully explained above, Mr. Ford's claims are procedurally defaulted. Mr. Ford hasn't established that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the court declines to issue Mr. Ford a certificate of appealability.

For these reasons, the court:

(1) GRANTS the motion for an extension of time (DE 9) and the motion for relief from the order to produce the entire record (DE 12);

(2) DENIES the petition (DE 1); and

(3) DECLINES to issue a certificate of appealability.

SO ORDERED.

ENTERED: September _7_, 2011.

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: T. Ford
J. Martin-DAG